UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GLEN PLOURDE, )
 )
      Plaintiff )
 )
v. ) 2:19-cv-00532-JAW
 )
UNITED STATES OF AMERICA, )
et al., )
 )
      Defendants )

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

Through his amended complaint, Plaintiff seeks to recover damages for constitutional violations he maintains occurred during and following an illegal entry into his residence. Plaintiff named more than ninety defendants, including the United States government, the state of Maine, law enforcement officers, government officials, private citizens and various organizations. (Amended Complaint, ECF No. 8.)

Plaintiff also filed an application to proceed in forma pauperis (ECF No. 5), which application the Court granted. (ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's amended complaint is appropriate.1 28 U.S.C. § 1915(e)(2). Following a review of the amended complaint, I recommend the Court dismiss the matter.

---

[1] Plaintiff filed his original complaint on November 19, 2019. (ECF No. 1.) In accordance with his right under Federal Rule of Civil Procedure 15(a), Plaintiff filed an amended complaint on December 10, 2019. The amended complaint is thus the operative pleading for the section 1915 review.

1

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## DISCUSSION

In his 300-count amended complaint, Plaintiff has outlined a series of events that allegedly began with his decision to lease a residence in Owls Head (Knox County) in 2017. Plaintiff describes his interactions with some of the named defendants prior to and following a series of alleged illegal entries into the residence during his absence and while he was sleeping. Citing numerous federal and state statutes, Plaintiff's complaint includes multiple "criminal conspiracy" counts, several counts related to an alleged attempted murder and assault, counts asserting the unlawful disclosure of health information, and counts alleging the creation and submission of false police reports and the hacking of various electronic devices.

Most of the statutes upon which Plaintiff relies to support his claims are federal and state criminal statutes.[2] A violation of a federal criminal statute does not automatically give rise to a federal question civil claim. *Cf. Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." (quoting 28 U.S.C. § 1331)); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (noting that alleged violations of federal criminal statutes will not serve "as a predicate for a section 1983 claim"). The plain language of the cited statutes does not authorize a private cause of action.[3] Plaintiff, therefore, has no federal civil claim based on the alleged violation of a criminal statute.

As to Plaintiff's attempt to assert a civil conspiracy claim under state or federal law, while Plaintiff has alleged generally there was a conspiracy among the defendants, "nothing in the [amended] complaint" besides conclusory statements raises "a plausible suggestion of conspiracy." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).

---

[2] Among the statutes cited by Plaintiff are 18 U.S.C. §§ 2, 3, 242, and 1001; and 17-A M.R.S. §§ 151 and 57.

[3] To the extent Plaintiff attempts to institute criminal proceedings against the defendants, Plaintiff has no authority to initiate criminal proceedings. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002) (citing *Cok*).

Finally, a review of the entirety of Plaintiff's amended complaint reveals that Plaintiff's allegations are otherwise not actionable. 28 U.S.C. § 1915 provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Golden v. Coleman*, 429 Fed. App'x 73, 74 (3rd Cir. 2011) (dismissing complaint because the allegations were "fantastic, delusional, and simply unbelievable.") Plaintiff's material factual allegations against the named defendants and the circumstances Plaintiff cites in support of his claims can reasonably be viewed as the type that would warrant dismissal under the Supreme Court's analysis in *Denton*. *See Flores v. U.S. Atty. Gen.*, No. 2:13-CV-00053-DBH, 2013 WL 1122719, at *2 (D. Me. Feb. 26, 2013), report and recommendation adopted, No. 2:13-CV-53-DBH, 2013 WL 1122635 (D. Me. Mar. 18, 2013).

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's amended complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of December, 2019.