UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN PLOURDE, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 2:19-cv-00532-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**SUPPLEMENTAL RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

After I recommended the Court dismiss Plaintiff's first amended complaint (Recommended Decision, ECF No. 9), Plaintiff filed a second amended complaint, through which he seeks to recover damages for constitutional violations he maintains occurred during and following an illegal entry into his residence. In the second amended complaint, Plaintiff removed most of the ninety-two defendants named in his first amended complaint, which defendants included the United States government, the state of Maine, law enforcement officers, government officials, private citizens and various organizations. (Second Amended Complaint, ECF No. 15.)

Plaintiff also filed an application to proceed in forma pauperis (ECF No. 5), which application the Court granted. (ECF No. 7.) In accordance with the in forma pauperis

1

statute, a preliminary review of Plaintiff's second amended complaint is appropriate.[1]  28 U.S.C. § 1915(e)(2).

Following a review of the second amended complaint, I recommend the Court dismiss the matter.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] Plaintiff filed his original complaint in November 2019.  (Complaint, ECF No. 1.)  In accordance with his right under Federal Rule of Civil Procedure 15(a), Plaintiff filed an amended complaint in December 2019.  (First Amended Complaint, ECF No. 8.)  After an unfavorable recommended decision on his first amended complaint, Plaintiff filed an objection to the recommended decision but also sought leave to file another amended complaint.  (Recommended Decision, ECF No. 9; Objection, ECF No. 12; Motion for Leave to Amend, ECF No. 13.)  The Court granted leave to amend, and Plaintiff filed a new complaint in January 2020.  (Order, ECF No. 14; Second Amended Complaint, ECF No. 15.)  The second amended complaint is thus the operative pleading for this supplemental section 1915 review.

## DISCUSSION

In his second amended complaint, Plaintiff has outlined a series of events that allegedly began with his decision to lease a residence in Owls Head (Knox County) in 2017. Plaintiff describes his interactions with some of the named defendants prior to and following a series of alleged illegal entries into the residence during his absence and while he was sleeping. Plaintiff also asserts someone hacked his electronic accounts and video games to alter their content and claims to have narrowly avoided a police vehicle attempting to ram his vehicle.

Section 1915 provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Golden v. Coleman*, 429 Fed. App'x 73, 74 (3rd Cir. 2011) (dismissing complaint because the allegations were "fantastic, delusional, and simply unbelievable.")

Plaintiff's second amended complaint, which is less voluminous than the first amended complaint and eliminates some of counts that were based on federal and state criminal statutes, arguably addresses some of the deficiencies of the first amended complaint. Despite the modifications, Plaintiff's material factual allegations and the circumstances Plaintiff cites in support of his claims can reasonably be viewed as the type

that warrant dismissal under the Supreme Court's analysis in *Denton*. *See Flores v. U.S. Atty. Gen.*, No. 2:13-CV-00053-DBH, 2013 WL 1122719, at *2 (D. Me. Feb. 26, 2013), report and recommendation adopted, No. 2:13-CV-53-DBH, 2013 WL 1122635 (D. Me. Mar. 18, 2013).

## CONCLUSION

Based on the foregoing analysis and the analysis set forth in the prior Recommended Decision (ECF No. 9), after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's second amended complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of May, 2020.